NORIEGA *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 34.—Decided November 4, 1909.

APPEAL FROM DECISION OF REGISTRAR.—Does an appeal lie from a decision which is a reproduction of a decision already consented to? No appeal lies from a decision of a registrar of property which is a reproduction of another decision, from which no appeal was taken by the party in interest.

The facts are stated in the opinion.
*Mr. Manuel A. Rivera* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a public deed executed in the town of Coamo before Notary Felipe Rodríguez, on August 28, 1908, by Manuel de Santiago Dávila, in favor of Carmen Torres, it was set forth that Feliciano Rodríguez, the deceased husband of Torres, had promised to sell to Manuel de Santiago Dávila for the price of $340.74, a rural estate having an area of 30 *cuerdas,* situated in *barrio* "Bermejales" in the town of Barros, and that Rodríguez having died before Santiago Dávila had paid the said sum, upon the institution of testamentary proceedings relating to his property said rural estate was inventoried so that, immediately upon payment of the price thereof, the widow, Carmen Torres, should execute to Santiago Dávila the proper deed of sale. This, however, was never done, be-

cause the said sum of $340.74 owed by Santiago Dávila was awarded to Mrs. Torres, who never collected said sum for which reason Santiago Dávila agreed with Mrs. Torres to return the estate to her just as he had received it. Wherefore, under the deed to which we have referred, he formally delivered the aforesaid estate to Mrs. Torres, forever renouncing any right he might have thereto.

By another deed of the same date, August 28, 1908, executed before the same notary, Felipe Rodríguez, Carmen Torres sold to Cándido Noriega for the price of $400 the estate referred to in the deed executed by Manuel de Santiago Dávila in favor of Carmen Torres.

Cándido Noriega applied to the Registrar of Property of Caguas for the record of the first deed executed by Manuel de Santiago Dávila in favor of Carmen Torres in order that he might then obtain the record of the other deed executed in his favor by Carmen Torres, and the registrar, by decisions of January 19 of the current year, denied the record of both documents, alleging as the fundamental reason for refusing the record of the first of said deeds, that the estate was not recorded in the name of Santiago Dávila, but in that of another person, namely, Feliciano Rodríguez, and in the second deed, that the estate was recorded in the name of Feliciano Rodríguez, a person other than the vendrix, Carmen Torres.

Notice of both decisions denying the record was served on the following February 19, without any appeal having been taken therefrom; and immediately below the return of service of notice of the decision denying the record appearing on the deed of Manuel Dávila in favor of Carmen Torres, the registrar, under date of May 8 last, wrote another decision denying the same record on account of the incurable defect that the estate was recorded in the name of a person other than Manuel de Santiago and of another curable defect which it is unnecessary to mention.

Service of this second decision denying the record was served on July 3, and on the twenty-fourth of the same month

Cándido Noriega appeared in this Supreme Court through Attorney Manuel A. Rivera, on appeal, seeking the reversal of the decision denying the record, of May 8, relating to the deed executed on August 28, 1908, by Manuel de Santiago Dávila in favor of Carmen Torres, the appellant confining himself in his allegations to maintaining that the incurable defect alleged by the registrar did not exist.

Taking into consideration the facts set forth, we hold that the appeal does not lie and that we cannot enter upon a discussion on its merits.

The decision of the Registrar of Caguas of January 19, of the current year denying the record of the deed of August 28, 1908, executed by Manuel de Santiago Dávila in favor of Carmen Torres, was notified on the following February 19, and no appeal was taken therefrom in due time, for which reason it must be considered final, according to a decision of the General Direction of Registries of Spain of March 17, 1874; and as the subsequent decision of May 8 is a reproduction of the first decision which had been accepted, we hold that an appeal taken by the same party who accepted the first decision does not lie.

We have heretofore established this doctrine in the following appeals: *Colonial Co. Ltd. of London, in liquidation, v. The Registrar of Property of San Juan,* decided September 28, 1900; *Fabio A. Hernández v. The Registrar of Property of Aguadilla,* 14 P. R. Rep., 768; *José Barreras Padro v. The Registrar of Property of Caguas,* decided June 25, 1909 ante p. 542.

Therefore, the appeal taken from the decision of May 8 of the current year, denying the record should be dismissed, and it is ordered that the documents presented be returned to the Registrar of Property of Caguas together with a certified copy of this decision, for the proper purposes.

*Dismissed.*

Justices Figueras and MacLeary concurred.

Justices Wolf and del Toro concurred in the judgment, but Mr. Justice del Toro filed a concurrent opinion.

### CONCURRENT OPINION OF MR. JUSTICE DEL TORO.

I concur in the conclusion that decisions of registrars of property to record deeds are in their nature final, unless the parties in interest take the appeal provided for by the law within the time specified thereby; but I think that where the registrar refuses to record a deed and the time within which an appeal may be taken from his decision is allowed to expire, and the deed is again presented to the registrar and he again refuses to record the same, and an appeal is taken in due time from such decision to this Supreme Court, we, in case it is alleged and proved that the right of appeal was lost in the first case, not by reason of the negligence of the appellant, but on account of *force majure,* or in case we have decided in another suit the same question favorable in all respects to his interests, we should go into the merits of the appeal and decide it on its merits.